UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 26-CV-0006-CVE-JFJ |
| ) | |
| T-MOBILE USA, INC., PREMIER ) | |
| WIRELESS, CHAD HOPPING, GRAYSON ) | |
| LAMP, JACOB GERAGEN, DAVID ) | |
| ANDERSON, and FRANK FLETCHER ) | |
| TOYOTA OF JOPLIN, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On January 5, 2026, plaintiff Ryan Russell filed a pro se complaint (Dkt. # 2) and a motion to proceed in forma pauperis (Dkt. # 3). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $400 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees").

Plaintiff has filed a pro se complaint alleging claims apparently based on unlawful surveillance or stalking, although it is unclear from the complaint which defendants engaged in the alleged conduct or when the conduct occurred. Plaintiff cites 28 U.S.C. § 1331, and he alleges that

defendants violated federal criminal statutes and violated his unspecified federal constitutional rights. He also asserts claims of invasion of privacy, intentional infliction of emotional distress, defamation, and other state law tort claims, and he asserts that the Court can exercise supplemental jurisdiction over these claims. Plaintiff seeks over $10 million in compensatory damages, plus punitive damages and injunctive relief preventing future harassment.

Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff is requesting leave to proceed in forma pauperis and the requirements of § 1915 are applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

The Court will initially consider whether plaintiff's complaint could be construed to allege a colorable claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic

Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff broadly alleges that his privacy rights are being infringed upon by private actors, but he alleges no specific facts in support of his claims. Dkt. # 2, at 2. Plaintiff cites 18 U.S.C. § 1030, which does provide a private right of action in limited circumstances, but plaintiff has not alleged any specific conduct falling within the scope of the statute or that his claim would fall within the relevant statute of limitations. Plaintiff also cites 18 U.S.C. § 2701, which does not provide a private right of action, and federal criminal statutes are not typically construed to create a right of action for private parties. Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007). Plaintiff references 42 U.S.C. § 1983, but it appears from plaintiff's allegations that all of the defendants are private parties. Without some state action, plaintiff cannot state a violation of § 1983, even if he had more specifically identified the constitutional right that was allegedly violated by defendants' conduct. Wittner v. Banner Health, 720 F.3d 770, 773 (10th Cir. 2013) (§ 1983 requires that the person plaintiff seeks to hold liable was acting under the color of state law). Plaintiff contends that the Court has supplemental jurisdiction over his state law claims, but the Court has found no viable federal law claims in plaintiff's complaint giving rise to federal question jurisdiction. Under 28 U.S.C. § 1367(c), the Court declines to exercise jurisdiction over his state law claims, even if the Court were to assume that plaintiff had stated a colorable state law claim.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 3) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed** under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 8th day of January, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE